UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IGNACIO COTTER JR.,

Plaintiff,

v. Case No. 6:13-cv-772-Orl-36TBS

NOTTER SCHOOL OF CULINARY ARTS, LLC, a Florida Limited Liability Corporation d/b/a NOTTER SCHOOL OF PASTRY ARTS; BEVERLY L. KARSHNER, an individual; and EWALD NOTTER, an individual,

Defendant.
_______________________________________/

ORDER

Pending before the Court is Plaintiff's Amended Motion to Extend Time for Service on Defendant Karshner (Doc. 18).

On May 16, 2013, Plaintiff filed this lawsuit alleging that he was employed by Defendants from June 2012 until November 2012. (Doc. 1). He claims that he was denied overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), and that Defendants failed to pay him wages in violation of § 448.01 Florida Statutes. (Id.). The Federal Rules of Civil Procedure required Plaintiff to serve a summons and copy of his complaint on or before September 13, 2013, which was the 120th day after Plaintiff filed his complaint. FED. R. CIV. P. 4(m).

The Clerk of Court issued summonses on May 17th and on May 30th a process server attempted to serve Defendant Karshner at the address where she was served

in a previously filed lawsuit.[1] (Doc. 2; Doc. 18-1 at 2). The process server was unable to locate Defendant Karshner and reported that he "spoke to Kathy in Security, who stat[ed that] Beverly moved out late last month." (Doc. 18-1 at 2). Next, Plaintiff affirms that he attempted to serve Defendant Karshner at her place of business, Defendant Notter School of Culinary Arts, but the business was closed. (Doc. 18, ¶ 7). Plaintiff alleges that in the following months he continued to search for Defendant Karshner but could not locate her. (Id., ¶ 8). However, he has not explained when, or what exactly he did to locate and serve Defendant Karshner during this period.

Plaintiff obtained a report from the Florida Department of State, Division of Corporations showing that Notter School of Culinary Arts, LLC filed its annual report on October 29, 2013. (Doc. 18-4). The Division of Corporations report lists Karshner as registered agent for the company. (Id.). Her address, along with the principal address of the company, and the company's mailing address are all listed as 8204 Crystal Clear Lane, Suite 1600, Orlando, Florida 32809, which is the business address Plaintiff had previously checked and found to be closed. (Id.; Doc. 18, ¶ 8)

Plaintiff made no attempt to find Defendant Karshner in November or December, 2013. (Doc. 18, ¶ 8). In January, 2014, Plaintiff obtained an Accurint search listing four addresses for Defendant Karshner, all in the same apartment complex, with overlapping dates covering the period May 2010 through September 2013. (Doc. 18-3). On February 7, 2014, the Court denied Plaintiff's request to

[1] On January 9, 2013, the law firm representing Plaintiff filed suit against the Notter School of Culinary Arts, LLC d/b/a Notter School of Pastry Arts, Beverly L. Karshner and Ewald Notter, Case No. 6:13-cv-54-Orl-31KRS, on behalf of other clients. (Doc. 18-1). The summons and complaint were served on Defendant Beverly L. Karshner in that case on January 30, 2013. (Doc. 18-2).

extend the time to serve Defendant Karshner. (Doc. 17). The Court determined that Plaintiff failed to show good cause or otherwise justify why the Court should entertain his untimely motion or permit him to serve Defendant Karshner out of time. (Id.). Plaintiff has still not found Defendant Karshner and now renews his motion seeking a 60 day enlargement of time to locate and serve her. (Doc. 18).

The Court cannot exercise personal jurisdiction over a defendant without proper service of process. Omni Capital Int'l, Ltd. v. Wolff & Co., 484 U.S. 97, 104, (1987). Service of process is effected by delivering a copy of the summons and complaint to the defendant. FED. R. CIV. P. 4©. Rule 4(e) provides that an individual may be served by giving a copy of the summons and complaint to the individual personally; giving a copy of the summons and complaint to an age-appropriate person who lives at the individual's "dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by law" to receive process; or by a manner permitted under the laws of the state in which the federal district court is located for an action brought in a court of jurisdiction in that state. FED. R. CIV. P. 4(e).

If service is not made within 120 days after the filing of the complaint, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED.R.CIV.P. 4(m). The Court must extend the time for service of process "for an appropriate time" if plaintiff shows good cause for failing to serve the defendant within120 days after filing suit. Id. "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than

inadvertence or negligence prevented service." Brown v. Hillsborough Area Reg'l Transit, No. 8:08-cv-1465-T-33TBM, 2009 WL 1657392, at *2 (M.D. Fla. June 10, 2009) (quoting Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation marks and citations omitted)). In determining whether good cause exists, court have considered "'factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process." Pridemore v. Regis Corp., No. 3:10-cv-605-J-99MMH-JBT, 2011 WL 9120, at *2 (M.D. Fla. Jan. 3, 2011) (quoting Madison v. BP Oil Co., 928 F. Supp. 1132, 1137 (S.D. Ala. 1996)). Even if a plaintiff fails to demonstrate good cause, the Court still has the discretion to extend the time for service. Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005). The Court looks to the Advisory Committee Note to Rule 4(m) for guidance as to what factors may justify the grant of an extension of time in the absence of good cause. Id.

Plaintiff waited until almost five months after the 120 day deadline to seek an extension of time to serve Defendant Karshner. This is some evidence of a lack of diligence on Plaintiff's part. See Rule 4, Practice Commentary C4-41 (citing Townsel v. County of Contra Costa, 820 F.2d 319 (9th Cir. 1987)).

Plaintiff alleges that Defendant Karshner has been evading service of process but the evidence upon which he relies is susceptible to more than one interpretation, not all of which support his contention. "The plaintiff bears the burden of showing good cause for not timely serving the defendant." Johnson v. Clark, No. CV-11-2287-PHX-SRB (LOA), 2013 WL 646022, at *2 (D. Ariz. Feb. 21, 2013). Although the Court

finds at this stage that Plaintiff has not met his burden, it will exercise its discretion to grant the requested enlargement of time. If Plaintiff is successful in serving Defendant Karshner within the time allowed, then if necessary, the parties may litigate whether there was good cause to grant this enlargement of time.

Now, Plaintiff's Amended Motion to Extend Time for Service on Defendant Karshner (Doc. 18) is GRANTED. Plaintiff has 60 days from the rendition of this Order to serve Defendant Karshner.

DONE AND ORDERED in Orlando, Florida, on February 18, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel