UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IGNACIO COTTO, JR.,

    Plaintiff,

v.                                                         Case No:   6:13-cv-772-Orl-40TBS

NOTTER SCHOOL OF CULINARY
ARTS, LLC, NOTTER SCHOOL OF
PASTRY ARTS, BEVERLY L.
KARSHNER, and EWALD NOTTER,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff Ignacio Cotto, Jr., and Defendant Ewald Notter's Joint Motion to Approval [sic] Settlement Agreement.   (Doc 54).   These parties request the Court's approval of their proposed settlement of Plaintiffs' Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. claim.   Upon due consideration I respectfully recommend that the motion be **denied without prejudice**.

### Background

Plaintiff alleges that from about June 15, 2012 through about November, 2012, he was employed by Defendant Notter School of Culinary Arts, LLC, d/b/a Notter School of Pastry Arts (the "School"), as the director of financial aid.   (Doc. 1, ¶¶ 11, 15).   The School is owned by Defendants Beverly L. Karshner and Ewald Notter.   (Id., ¶ 3). Plaintiff alleges that he was incorrectly compensated as an exempt employee when, in fact, he did not qualify for exempt status.   (Id., ¶ 30).   As a result, Plaintiff alleges that Defendants failed to pay him overtime compensation for all hours he worked in excess of 40 per week.   (Id., ¶¶ 29-30).   Count I of Plaintiff's complaint is an FLSA action to

recover unpaid overtime compensation; Count is a claim for wages pursuant to § 448.01 *et seq.* Florida Statutes.   Notter and Karshner both answered and denied liability. (Docs. 9, 23).   Notter also cross-claimed against Karshner.   (Doc. 9).   The School has not appeared in the action and no application for its default was made.

On February 10, 2014, Plaintiff's lawyer filed a new lawsuit against Defendants on behalf of Heather Kingsbury, Case No. 6:14-cv-234-Orl-18DAB (the "Second Lawsuit"). In the Second Lawsuit, Kingsbury alleged that she was employed by the School as director of career placement from September 2012 to on or about November 2012. Kingsbury complained that she was not paid for the last two weeks of her employment and that she was not paid overtime in violation of the FLSA and § 448.01 *et seq.* Florida Statutes.   (Second Lawsuit, Doc. 1).

Subject to Court approval, Plaintiff, Kingsbury, and Notter settled both cases. (Doc. 54; Second Lawsuit Doc. 35).   Apart from the amounts of money involved, the settlements are virtually identical.   (Doc. 54-1; Second Lawsuit Doc. 35-1).   In the Second Lawsuit, Kingsbury voluntarily dismissed her claims against Karshner and the School, United States District Judge Kendall Sharp approved the settlement, and the case was dismissed with prejudice.   (Second Lawsuit Docs. 33, 36).

In this case, Plaintiff attempted to dismiss his claims against Karshner and the School but the notice was stricken because Plaintiff used the wrong name in the body of his paper.[1]

### Legal Standard

The United States Court of Appeals for the Eleventh Circuit has explained that an

---

[1] Plaintiff's Voluntary Dismissal without Prejudice (as to Notter School of Pastry Arts and Beverly L. Karshner) states that it is filed by Heather Kingsbury.   (Doc. 53).   It appears that counsel used the same paper in both cases and neglected to change the name of the plaintiff in the version filed in this case.

FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

## Terms of Settlement

In his answers to the Court's interrogatories Plaintiff stated that he was earning $70,000 per year; that he was not paid three weeks of regular pay; and that he was owed 55 hours in overtime. (Doc. 12, ¶¶ 5-7). In the pending motion for approval of their settlement, the parties state that Plaintiff claims he is owed $1,375 in overtime. No explanation for what became of Plaintiff's claim for regular pay, or how the $1,375 was calculated has been provided. Under the terms of the parties' settlement agreement,

Plaintiff will receive $750 in wages plus an equal amount for liquidated damages. (Doc. 54-1, ¶ 1).

The settlement agreement provides for payment of $2,500 in fees and costs to Plaintiff's attorney. (Id.). While this amount appears reasonable, counsel has not furnished copies of his time and cost records, expert opinions of what is a reasonable fee, or a stipulation that the attorney fees and costs were negotiated separately, without regard to the amounts to be paid to Plaintiff. See Bonetti v. Embarq Mgmt. Co., 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009) (If "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of the fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

The settlement agreement contains a limited release of Notter in which only claims under the FLSA, Florida Minimum Wage Act and Article 10 of the Constitution of the State of Florida are released. (Doc. 54-1, ¶ 4). Article 10 contains 27 miscellaneous sections including section 24 titled "Florida minimum wage."

### Recommendation

Upon consideration of the foregoing, I recommend that the Court deny the parties' joint motion without prejudice and require that:

(1) Plaintiff file a corrected notice of voluntary dismissal of Karshner and the School;

(2) The parties explain the evolution of Plaintiff's damage claim from his answers to the Court's interrogatories to the present;

  (3) Plaintiff's release of Notter be limited to the FLSA, Florida Minimum Wage Act, and section 27, Article 10 of the Constitution of the State of Florida; and

  (4) The parties comply with <u>Bonetti</u>, or alternatively, that Plaintiff's counsel file his billing records for review by the Court.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

  **RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 6, 2014.

*/s/ Thomas B. Smith*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

  Presiding United States District Judge
  Counsel of Record