UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IGNACIO COTTO, JR.,

    Plaintiff,

v.                                            Case No:   6:13-cv-772-Orl-40TBS

EWALD NOTTER,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff Ignacio Cotto, Jr., and Defendant Ewald Notter's Amended Joint Motion to Approval [sic] Settlement.  (Doc. 65).  These parties request the Court's approval of their proposed settlement of Plaintiffs' Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* claim.  After reviewing the motion and the settlement agreement (Doc. 65-1), I respectfully recommend that the motion be **granted**.

### Background

Plaintiff alleges that from about June 15, 2012 through about November, 2012, he was employed by Defendant Notter School of Culinary Arts, LLC, d/b/a Notter School of Pastry Arts (the "School"), as the director of financial aid.  (Doc. 1, ¶¶ 11, 15).  The School is owned by Defendants Beverly L. Karshner and Ewald Notter.  (Id., ¶ 3). Plaintiff alleges that he was incorrectly compensated as an exempt employee when, in fact, he did not qualify for exempt status.  (Id., ¶ 30).  As a result, Plaintiff alleges that Defendants failed to pay him overtime compensation for all hours he worked in excess of 40 per week.  (Id., ¶¶ 29-30).  Count I of Plaintiff's complaint is an FLSA action to recover unpaid overtime compensation; Count II is a claim for wages pursuant to §

448.01 *et seq.* Florida Statutes. Notter and Karshner both answered and denied liability. (Docs. 9, 23). Notter also cross-claimed against Karshner. (Doc. 9). The School has not appeared in the action and no application for its default was made.

On February 10, 2014, Plaintiff's lawyer filed a new lawsuit against Defendants on behalf of Heather Kingsbury, Case No. 6:14-cv-234-Orl-18DAB (the "Second Lawsuit"). In the Second Lawsuit, Kingsbury alleged that she was employed by the School as director of career placement from September 2012 to on or about November 2012. Kingsbury complained that she was not paid for the last two weeks of her employment and that she was not paid overtime in violation of the FLSA and § 448.01 *et seq.* Florida Statutes. (Second Lawsuit, Doc. 1).

Subject to Court approval, Plaintiff, Kingsbury, and Notter settled both cases. (Doc. 54; Second Lawsuit Doc. 35). Apart from the amounts of money involved, the settlements are virtually identical. (Doc. 54-1; Second Lawsuit Doc. 35-1). In the Second Lawsuit, Kingsbury voluntarily dismissed her claims against Karshner and the School, United States District Judge Kendall Sharp approved the settlement, and the case was dismissed with prejudice. (Second Lawsuit Docs. 33, 36).

At Plaintiff's request, the Court dismissed Karshner and the School. (Docs. 60, 61, 63, 64). The case against Ewald Notter remains pending. The parties initially notified the Court of this settlement on September 30, 2014. (Doc. 54). However, the Court denied the original motion to approve the settlement because it lacked certain pertinent information. For instance, the Court was unable to determine the evolution of Plaintiff's damage claim from his answers to the Court's interrogatories to the settlement. (Doc. 59 at 4). The Court also found the terms of the proposed release unacceptable. (Id. at 4-5). Plaintiff and Defendant Notter have now filed their amended motion (Doc. 65), which is ripe for review.

## Legal Standard

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

## Discussion

### A. Settlement Sum

Defendant has promised to pay and Plaintiff has agreed to settle his claim for a total of $4,000, to be disbursed as follows: $750 representing unpaid wages, $750 representing liquidated damages, and $2,500 for attorneys' fees and costs. (Doc. 65-1 ¶ 1).

Initially, the Court was under the impression that in his answers to the Court's interrogatories, Plaintiff stated that he had earned $70,000 per year; that he was not paid three weeks of regular pay; and that he was owed 55 hours in overtime. (Doc. 12, ¶¶ 5-7). In the report and recommendation that recommended the motion be denied without prejudice, the Court noted that, "[i]n the pending motion for approval of their settlement, the parties state that Plaintiff claims he is owed $1,375 in overtime." (Doc. 59 at 3). Based on the parties' original motion, the Court concluded that the request lacked an explanation for what became of Plaintiff's claim for regular pay, or how the $1,375 was calculated.

Now, the parties explain that,

> The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature. On August 30, 2013, Plaintiff filed his answers to the Court's interrogatories. [DE #12]. Due to a scrivener's error Plaintiff's answer to question 7(e) stated the total amount claimed as $10,000. [DE #12, ¶7(e)]. However, the total amount claimed should have been stated as $2,916.00 which is calculated using the numbers in subsection (d) of question 7. [DE #12, ¶7(d)]. The amount of $2,916.00 is derived from taking the gross amount of pay claimed, $4,374.00, and subtracting the gross amount of pay received, $1,448, as illustrated in Plaintiff's answer to question 7(d). [DE #12, ¶7(d)]. As such, the total amount claimed should have been stated as $2,916.00.
>
> During the litigation and settlement of this action, Defendants highly contested the amounts Plaintiff claimed he was owed and vehemently denied that Plaintiff was owed any amount. Defendants deny Plaintiff's allegations and maintain that Plaintiff was paid for all hours worked in accordance with the FLSA. The parties conducted discovery which revealed that Plaintiff was owed $1,375.00 in back overtime wages and that Plaintiff was paid for the three weeks of regular pay that he originally claimed were not paid. Nonetheless, because the parties disagreed on, among other things, whether Plaintiff was entitled to any unpaid overtime wages and, if he was entitled to any amount of wages, the amount of unpaid wages that he was entitled to, the parties negotiated a compromise. Given the disputed issues of liability and damages in this

> matter, the Parties agree and stipulate that the proposed settlement, providing for payment of $1,500.00 reflects a fair and reasonable compromise of Plaintiff's FLSA wage claim.

(Doc. 65 at 2-3). I accept this representation and find nothing in the record to suggest that the proposed compromise of Plaintiff's claim is unreasonable or that Plaintiff's assent was procured by untoward means.

### B. Limited Release

General releases in FLSA cases are frequently viewed as "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." Moreno, 729 F. Supp. 2d at 1351-52. As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." Id. at 1352.

The parties' settlement agreement includes a release that is sufficiently narrow to withstand judicial scrutiny. Unlike Moreno, the settlement agreement does not require Plaintiff to release unknown claims that are unrelated to his wage and hour claim; instead, the release is limited to: "claims under the FLSA, FMWA and Florida Constitution Art. 10, § 24 which [Plaintiff] has or had against Notter accruing prior to execution of this Agreement." (Doc. 65-1 ¶ 4).

I respectfully recommend that the Court find the release provision to be limited in scope and the agreement to be fair and reasonable. See Coleman v. Target Corp., No. 6:12-cv-1315-Orl-37GJK, 2013 WL 867891, at *6 (M.D. Fla. Mar. 1, 2013) (citing Heath v. Hard Rock Café Int'l, Inc., No. 6:10-cv-344-Orl-28KRS, 2011 WL 5877506, at *4 (M.D. Fla. Oct. 28, 2011), *adopted by* 2011 WL 5873968 (M.D. Fla. Nov. 23, 2011) (recommending that release provision limited to wage and hour claims was not a

prohibited "side deal" that undermined the fairness or reasonableness of the parties' FLSA settlement)).

### C. Attorney's Fees

The parties represent that the $2,500 in attorney's fees and costs to be paid to Plaintiff's counsel was negotiated separately from Plaintiff's recovery, and without regard to the amount of the settlement sum.   (Doc. 65 at 3-4).   This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to counsel.   See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court **grant** the parties' Amended Joint Motion to Approval [sic] Settlement. (Doc. 65).

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 4, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record

- 6 -